**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-CV-61331-MIDDLEBROOKS/AUGUSTIN-BIRCH**

**JESUS MORENO CASCARET,**

**Petitioner,**

**v.**

**MITCHELL DIAZ,** *et al.*,

**Respondents.**

_____/

**REPORT AND RECOMMENDATION ON
PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

This cause comes before the Court on Petitioner Jesus Moreno Cascaret's Petition for Writ of Habeas Corpus. DE 1. The Honorable Donald M. Middlebrooks, United States District Judge, referred the Petition to the undersigned United States Magistrate Judge to take all action required by law. DE 7. The Court ordered Respondents to show cause why Petitioner's Petition should not be granted, and Respondents filed a response to the Court's Order to show cause. DE 9. Having carefully considered the briefing and being otherwise fully advised, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** the Petition [DE 1].

Through his Petition, Petitioner requests his immediate release from immigration custody. DE 1. In response, Respondents do not dispute that Petitioner is entitled to a bond hearing before an immigration judge. DE 9. But Respondents correctly note that Petitioner has already had a bond hearing before an immigration judge and received a bond determination. *Id.* at 2; *see also* DE 1-11 (order denying bond). On April 6, 2026, an immigration judge denied Petitioner's bond request on three grounds: (1) Petitioner's arrest for insurance fraud "renders him subject to [the] Laken Riley Act"; (2) there was no jurisdiction for a bond under *Matter of Yajure Hurtado*, 29 I. & N.

Dec. 216 (BIA 2025); and (3) Petitioner is currently under an order of removal. DE 1-11; *see also* DE 9-1 (immigration judge's bond memorandum).

In light of the Eleventh Circuit's opinion in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.,* No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026), the immigration judge incorrectly concluded that there was no jurisdiction under *Matter of Yajure Hurtado*, given that Petitioner is subject to detention under 8 U.S.C. § 1226(a). *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). The Court has jurisdiction to make this determination. *See Gonzalez v. Noem*, No. 0:25-CV-62261, 2025 WL 4053421, at *2 (S.D. Fla. Dec. 23, 2025) (concluding that there is jurisdiction to hear a petitioner's challenge to the legality of his or her detention), *report and recommendation adopted*, No. 25-62261-CV, 2026 WL 115211 (S.D. Fla. Jan. 15, 2026).

The Court, however, does not have jurisdiction to review an immigration judge's individualized bond decision. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *Guzman v. Mullin*, No. 2:26-CV-01238-SPC-DNF, 2026 WL 1216472, at *2 (M.D. Fla. May 5, 2026) (concluding that there is no "authority to review an immigration judge's discretionary bond decision" and that "the Board of Immigration Appeals is the proper venue to raise" arguments regarding the validity of an immigration judge's bond decision); *Jimenez v. Warden*, No. 2:26-CV-872-KCD-DNF, 2026 WL 895990, at *1 (M.D. Fla. Apr. 1, 2026) ("Federal district courts have limited jurisdiction. We do not possess a roving mandate to step into the shoes of an immigration court to . . . directly reconsider an immigration bond denial in this posture."); *R.R.C. v. Streeval*, No. 4:25-CV-525 (CDL), 2026 WL 734999, at *2 (M.D. Ga. Mar. 16, 2026) ("[T]o the extent that Petitioners challenge the individualized

decision-making of the immigration judge under the facts of their specific cases, this Court does not have jurisdiction to review those decisions.").

For these reasons, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** the Petition [DE 1]. Specifically, the Court recommends granting the Petition insofar as the Court rules that the immigration judge incorrectly determined there was no jurisdiction under *Matter of Yajure Hurtado*.[1] The Court otherwise recommends denying Petitioner's request for immediate release from immigration custody, as the Court does not have jurisdiction to review the immigration judge's individualized bond determination.

Although a party normally has fourteen days to serve and file written objections to any of the findings and recommendations in a report and recommendation, *see* 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a), the circumstances of this matter warrant a shorter objection period. Within **seven (7) days** of being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 19th day of May, 2026.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court makes this recommendation so that, when and if Petitioner appeals the immigration judge's bond denial, the Board of Immigration Appeals will be able to evaluate the immigration judge's merit-based reasoning for denying Petitioner a bond.

3